Corwin, J.
The case is submitted upon the points shown in the foregoingjStatement.
Upon these points, counsel on either side have favored us with extended and elaborate arguments as to the construction to be given to various sections of the “ act for the assessment and taxation of all property in this state, and for levying taxes thereon, according to its true value in money,” passed April *13, 1852; and as to [70 the conformity of said act to the provisions of the new constitution of Ohio, all of which are, in effect, decided at the present term of this court, in the case of the Exchange Bank of Columbus v. Oliver P. Hines, Treasurer, etc., and which do not require further notice here. For, even if it be true, as contended by plaintiffs, that they do not come within the provisions of the third section of the twelfth article of the constitution, yet they are still individuals, and liable to pay taxes as other individuals; and it being settled that the provisions of the tenth section of said act, allowing deductions of the debts owing by the taxpayer, from his moneys and credits, are inconsistent with the provisions of the constitution, every citizen is to be taxed upon his property without deduction or exemption, except as provided in section 2 of article 12 of the constitution.
But if a doubt should anywhere exist as to the correctness of this conclusion, or the policy and justice of the rule thus established, still these plaintiffs would have no occasion to complain that a right of deduction of their debts from the amount of their assessment for taxation has been denied to them; the agreed statement of facts before recited clearly and conclusively showing them to be of the description of persons provided for by section 3 of article 12 of the constitution, which expressly prohibits the deduction they here claim.
The language of the section is: “ The general assembly shall provide by law for taxing the notes and bills discounted or purchased, moneys loaned, and all other property, effects, or dues of *71 every description (without deduction), of all banks now existing or hereafter created, and of all bankers, so that all property employed in banking shall always bear a burden of taxation equal to that imposed on the property of individuals.”
The taxation, without deduction, of every conceivable description of property of all banks which may at any time exist in Ohio, is thus clearly and fully provided for without the introduction into 71] the section of the words, “and of all ^bankers and in giving construction to the section we are to conclude that the framers of the constitution have adopted an unmeaning description of persons, or that they intended to provide for the taxation by the same rule, of the same property in other hands as well as though it were the property of chartered banks.
And leaving the circle of incorporated banks, and going out into the world to look for bankers, where will they be found, unless they are described in the agreed statement here presented ? They are thus shown to be engaged in every department of banking business, except the mere thing of issuing notes intended to circulate as money — a privilege almost always exercised by an incorporated bank, but which is not at all essential to the existence of a bank, and which does not necessarily enter into its definition. Every business man in community knows that the class of persons to which these plaintiffs belong, transact the greater part of the banking business of the country; and if we were not forbidden, by every rule of construction, to exempt them from the operation of the section of the constitution referred to — if it were possible to adopt the conclusion for which they contend, it is manifest that property employed in banking in Ohio, instead of being taxed, without deduction, as the constitution has plainly intended, would utterly escape taxation. Chartered banks would become at once mere banks of issue; and if they should find themselves in that condition, attended with difficulties as to taxation, by a mere change of location beyond our territorial limits, they would furnish the currency to be put into circulation by the actual banker at home, who would himself own the bank of issue, become indebted to it for the amount of his issues, and claiming the right to deduct such indebtedness from his moneys and credits, he would avoid his proper contribution toward the support of the government; an<] while this extensive interest would be permitted, by such subterfuge, to avoid, as it has too long managed to do heretofore, the support of the government *72, 73 whose protection it enjoys, the burdens *of taxation must be [72 devolved, with increased weight, upon the labor and industry of the country.
It was to avoid this unequal, unjust, and oppressive result, that the framers of the constitution have wisely provided, that all property employed in banking shall always bear a proportion of taxation “ equal to that imposed on the property of individuals.” We are of opinion that the plaintiffs are bankers within the meaning of the constitution, and that their property has been properly listed for taxation, “ without deduction.”
A question is also made by counsel, as to whether deposits of money with bankers are to be considered as the property of the bankers, and as such, liable to taxation.
It is well known that the current deposits of 'most of these private bankers constitute the principal capital employed by them in banking operations; and in the absence of special agreement to the contrary, the moneys deposited go into the general fund which constitutes the basis of all their business operations — the person receiving the deposit becoming liable, not for the return of the specific money deposited, but indebted to the depositor generally for the amount. And whether these deposits are used in the discounting of paper, in the purchase of notes and bills, or held in reserve to pay current demands, they are equally the money of the banker, and are equally employed in the business of banking. And we are all of opinion that neither chartered banks nor unincorporated bankers can eon-constitutionally deduct from the gross amount of their moneys and credits the amount due to depositors.
The taxes due from the plaintiffs having been fully paid, as shown by the agreement, the judgment of the court below is affirmed, with costs.